NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DASHEME KAREME HOSLEY, | No. 19-15054 |
| Petitioner-Appellant, | D.C. No. 1:15-cv-01374-LJO-JDP |
| v. | |
| RICK HILL, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Argued and Submitted February 10, 2021
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and CAIN,[**] District Judge.

Dasheme Kareme Hosley appeals the district court's denial of his petition

for habeas corpus and argues that the prosecutor at his murder trial committed

prejudicial misconduct in violation of due process. We have jurisdiction pursuant

to 28 U.S.C. §§ 1291 and 2253(c)(1)(A), and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James David Cain, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

"We review de novo the district court's denial of [Hosley's] habeas corpus petition." *Sanders v. Cullen*, 873 F.3d 778, 793 (9th Cir. 2017). Habeas review of a state court judgment is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2254(d). Relief cannot be granted unless the petitioner demonstrates that the last reasoned state court decision—here, the decision of the California Court of Appeal—was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Lockyer v. Andrade*, 538 U.S. 63, 70–71 (2003) (quoting 28 U.S.C. § 2254(d)). Under federal law, a prosecutor's improper comments violate due process only when they "infect[] the trial with unfairness." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

1. It was not contrary to or an unreasonable application of federal law for the state court to conclude that the prosecutor's misstatements of the law did not violate due process. Generally, "[a] jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000) (citation omitted). This presumption extends to curative instructions, *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987), even when the curative instructions are not given immediately after the error is made, *see Brown v. Payton*, 544 U.S. 133, 146–47 (2005). Here, the prosecutor misstated the law regarding second degree murder and imperfect self-defense

2

during her closing argument and rebuttal.  The trial court then correctly instructed the jury on the law and told the jury to follow the instructions rather than the prosecutor's statements.  The prosecutor herself also emphasized that the jury should follow the court's instructions rather than her statements of the law.  Under these circumstances, it was not "objectively unreasonable," *Lockyer*, 538 U.S. at 76, for the state court to presume that the jury followed the correct instructions, rendering the prosecutor's misstatements harmless.

2.      For similar reasons, it was not contrary to or an unreasonable application of federal law for the state court to conclude that the prosecutor's arguing of evidence did not violate due process.  In her rebuttal, the prosecutor improperly referenced the contents of a letter for their truth, when the letter was submitted only to support an expert's opinion.  The trial judge then properly instructed the jury on the use of evidence, and specifically explained the limited purpose for which the letter was admitted.  As with the misstatements of law, it was not objectively unreasonable for the state court to presume the jury followed the court's clear instructions.  *See Weeks*, 528 U.S. at 234.

3.      It was also not contrary to or an unreasonable application of federal law for the state court to conclude that the prosecutor's misuse of Hosley's prior assault conviction was harmless.  The conviction was allowed into evidence for impeachment purposes only, but at closing the prosecutor improperly referenced it

3

to establish Hosley's history of violence. The trial court thoroughly corrected the improper reference. Hosley argues that it is impossible to cure by instruction an improper reference to a prior conviction, but no Supreme Court law supports this proposition. Furthermore, there was substantial admissible evidence establishing Hosley's history of violence. In light of the trial court's curative instructions and the other evidence of Hosley's history of violence, it was not objectively unreasonable for the state court to conclude that the improper reference did not render the trial fundamentally unfair.

4. Finally, it was not contrary to or an unreasonable application of federal law for the state court to conclude that the prosecutor's multiple misstatements did not violate due process. Multiple independently harmless errors can cumulatively violate due process if the errors combine to render a criminal defense "far less persuasive" then it otherwise would have been. *Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 294, 302–03 (1973)). This normally requires a "unique symmetry," *id.* at 933, where the errors compound each other in a manner that goes "to the heart of the defense's case," *id.* at 934. When considering the cumulative effect of errors, a court must also consider "the overall strength of the prosecution's case." *Id.* at 928.

4

Hosley argues that, as in *Parle*, all errors here went to the heart of his case—his state of mind—and this "unique symmetry" starkly amplified the prejudice caused by each error independently. However, unlike in *Parle*, here all errors were later corrected. In light of the general presumption that instructions are followed, *see Weeks*, 528 U.S. at 234, and the significant admissible evidence involving the content of the letter and Hosley's history of violence, it was not objectively unreasonable for the state court to conclude that the prosecutor's misstatements, even combined, did not render the defense "far less persuasive" than it otherwise would have been. *Parle*, 505 F.3d at 927 (citation omitted).

**AFFIRMED.**